IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRIAN ATWOOD,

    Plaintiff,

v.                                                      No. 14-1032

GRAHAM LUMBER COMPANY, LLC,

    Defendant.
_____

ORDER AFFIRMING MAGISTRATE JUDGE'S RULING IN PART AND
REFERRING FOR FURTHER CONSIDERATION
_____

On December 29, 2014, Magistrate Judge Edward G. Bryant, pursuant to an order of reference, denied the motion of Plaintiff, Brian Atwood, to compel discovery responses from Defendant, Graham Lumber Company, LLC ("Graham"). (Docket Entry ("D.E.") 34.) In accordance with Local Rule 72.1(g) and Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff filed written objections to the magistrate judge's order. Those objections, and Defendant's response thereto, are now before the Court.

## I.     Standard of Review

Twenty-eight U.S.C. § 636(b)(1)(A) permits a district judge to, subject to certain exceptions not relevant here, "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Furthermore, "[a] magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Upon a timely objection to a magistrate judge's order, the district judge is instructed to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clearly erroneous standard

applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (alteration in original) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994)) (internal quotation marks omitted). A factual finding is "'clearly erroneous' only when the reviewing court is left with the definite and firm conviction that a mistake has been made." *King v. Banks*, No. 2:10-cv-852, 2010 WL 4384248, at *1 (S.D. Ohio Oct. 28, 2010). A legal conclusion is contrary to law when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Steede v. Gen. Motors, L.L.C.*, No. 11-2351-STA-dkv, 2012 WL 2089755, at *2 (W.D. Tenn. June 8, 2012) (quoting *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002)); *see also* 32 Am. Jur. 2d *Federal Courts* § 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."); 12 Charles Alan Wright et al., *Federal Practice and Procedure: Civil 2d* § 3069 (2d ed. 1997) ("In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge.").

## II.     Background

Atwood filed this lawsuit on January 10, 2014, in Perry County, Tennessee, Circuit Court, asserting that Graham fired him for bringing a claim for workers' compensation benefits. (D.E. 1-2.) On February 11, 2014, Defendant filed a notice of removal in this Court on diversity grounds. (D.E. 1.) A scheduling order in this matter was issued on March 18, 2014, setting a deadline of October 14, 2014, for written discovery and November 13, 2014, for depositions. (D.E. 10.) The order stated that

2

> [m]otions to compel discovery are to be filed and served by the discovery deadline or within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service[.]

(D.E. 16 at 2.) On November 11, 2014, Plaintiff filed a motion to compel a response to his written discovery requests and to overrule objections to his Rule 30(b)(6) deposition notice. (D.E. 25.) This nondispositive motion was referred to Magistrate Judge Bryant for determination. (D.E. 28.) On December 29, 2014, Judge Bryant entered an order denying Atwood's motion to compel, finding that more than 45 days had passed between Graham's service of its responses to Plaintiff's written discovery requests. (D.E. 51.) Judge Bryant concluded that the time for filing the motion had passed. (*Id.*)

### III. Analysis

Atwood has objected to the magistrate judge's order claiming that it was "[c]learly [e]rroneous [a]nd [c]ontrary [t]o [l]aw" because the motion to compel was not untimely as it related to the notice of the Rule 30(b)(6) deposition. (D.E. 35 at 1.) At the outset, the Court notes that Plaintiff has not objected to the portion of the order denying the motion to compel a response to his written discovery requests. He admits that he "did not file the motion within 45 days of Defendant's responses" to these requests. (*Id.*) Because Graham served its responses to the written discovery requests on July 15, 2014, (D.E. 31-1 at 11; D.E. 31-2 at 18), and Atwood did not file his motion to compel until November 11, 2014, (D.E. 25), the order was correct in this respect.

The magistrate judge's order did not, however, specifically discuss the notice of the Rule 30(b)(6) deposition. Defendant served its response to the notice on October 23, 2014, (D.E. 31-4

at 6); therefore, Plaintiff's motion to compel was well within the 30 day deadline established in the scheduling order.[1] Because the order found the motion to compel to be time-barred, it did not address the variety of other arguments the parties raised concerning the Rule 30(b)(6) deposition.

### IV. Conclusion

For the reasons articulated herein, the magistrate judge's order is AFFIRMED as it relates to the written discovery requests. The matter is REFERRED TO THE MAGISTRATE JUDGE FOR FURTHER CONSIDERATION as it relates to the notice of the Rule 30(b)(6) deposition.

IT IS SO ORDERED this 2nd day of February, 2015.

                                                    s/ J. DANIEL BREEN  
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The time to file an objection was reduced to 30 days under the scheduling order because Graham's response was within 30 days of the discovery deadline. (*See* D.E. 16 at 2.)